# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 19-1875-KHV |
| | ) | |
| DONALD E. BUSTOS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's <u>Sealed Motion To Seal Government's Response To Defendant's Sentencing Memorandum</u> (Doc. #19) filed December 17, 2019. For reasons stated below, the Court overrules the government's motion.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. <u>Crystal Grower's</u>, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. <u>See</u> <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that

justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

The government has not shown that any interest in non-disclosure of the information in its response to defendant's sentencing memorandum outweighs the public interest in open courts.

**IT IS THEREFORE ORDERED** that the government's Sealed Motion To Seal Government's Response To Defendant's Sentencing Memorandum (Doc. #19) filed December 17, 2019 is **OVERRULED**.

Dated this 24th day of January, 2020 at Las Cruces, New Mexico.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge