# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                                **CR 19-1875 KHV**

**DONALD E. BUSTOS,**

        Defendant.

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the <u>United States' Sealed Response to Defendant's Sentencing Memorandum</u> (Doc #18) filed December 17, 2019. For reasons stated below, the Court overrules the United States' request.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir.2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. <u>See Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. <u>Crystal Grower's</u>, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. <u>See Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's

decision-making process. Id. ; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

The United States has not shown that any interest in non-disclosure of the information in it's response outweighs the public interest in open courts.

**IT IS THEREFORE ORDERED** that the United States' Sealed Response to Defendant's Sentencing Memorandum (Doc #18) filed December 17, 2019, is **OVERRULED.**

Dated this 29th day of January, 2020, at Las Cruces, New Mexico.


s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge